**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ALBERTO TORRES VILLAZON,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, et al.,<br><br>Respondents. | ) | Case No. CIV-26-00459-JD |

**ORDER**

Petitioner Alberto Torres Villazon ("Petitioner") brings a pro se Amended Petition for Writ of Habeas Corpus ("Amended Petition"). [Doc. No. 8]. Respondents filed a Response in Opposition. [Doc. No. 12]. Petitioner did not file a reply.[1] Petitioner challenges his continued immigration detention under the Due Process Clause. Upon consideration, the Court DENIES the Amended Petition.

## I. BACKGROUND

Petitioner Alberto Torres Villazon is a citizen of Cuba who entered the United States on September 20, 2021. [Doc. No. 8 at 2]. He has been detained since December 8,

[1] Prior to the filing of the Amended Petition, United States Magistrate Judge Shon T. Erwin filed a Report and Recommendation recommending dismissal of the petition without prejudice to refiling for failure to comply with the Court's order to cure deficiencies. [Doc. Nos. 5, 7]. During the period for objection to the Report and Recommendation, Petitioner filed a response requesting that the Court allow him to file the Amended Petition in compliance with the Court's instructions, and he filed the Amended Petition. [Doc. Nos. 8, 9]. The Amended Petition supersedes his original petition that was noted as deficient by Judge Erwin.

2025, and is confined at the Diamondback Correctional Facility in Watonga, Oklahoma. *Id.*

On March 6, 2026, an immigration judge issued a detailed written order in which he denied Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture and ordered him removed to Ecuador. [Doc. No. 12-1 at 4, 6]. Petitioner appealed that decision to the Board of Immigration Appeals ("BIA"). [Doc. No. 8 at 3; Doc. No. 12 at 1–2].

Petitioner received a bond hearing under 8 U.S.C. § 1226(a) on April 16, 2026, at which he was represented by counsel. [Doc. No. 12-2 at 1]. Both parties submitted evidence and arguments. *Id.* In a detailed written decision dated April 17, 2026, the immigration judge found that Petitioner did not pose a danger to the community but found Petitioner posed an unacceptable flight risk. *Id.* at 1–2. The immigration judge concluded that available measures could not adequately mitigate the risk and thus denied bond. *Id.* at 3.

Petitioner filed the Amended Petition on April 27, 2026, seeking release or, alternatively, another individualized bond hearing. [Doc. No. 8 at 8].

## II. LEGAL STANDARD

The writ of habeas corpus is available to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). District courts have jurisdiction under § 2241 to consider challenges to the legality of immigration detention. *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004).

Courts employ a liberal construction to the legal sufficiency of pro se pleadings, "applying a less stringent standard than is applicable to pleadings filed by lawyers." *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997). This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Even so, the court will not "assume the role of advocate," *id.*, nor will it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173–74.

## III. <u>ANALYSIS</u>

Petitioner appears to assert that his continued detention violates due process because Petitioner has not received a meaningful opportunity to be heard and because his detention has become prolonged. Neither warrants further habeas relief.

### A. The Amended Petition does not establish the constitutional insufficiency of his bond hearing.

Petitioner has not established a procedural deficiency in his bond hearing. Even under a liberal construction, Petitioner's conclusory allegations lack supporting facts pointing to any procedural irregularities. Petitioner acknowledges that he received a bond hearing and simply contends that the flight-risk finding is inconsistent with his family ties, employment history, and compliance with immigration requirements. [Doc. No. 8 at 2–5]. Respondents correctly point out that Petitioner's allegations amount to asking the Court to reweigh the evidence and question the immigration judge's decision. [Doc. No. 12 at 10–11]. The Court has no jurisdiction over such a request. 8 U.S.C. § 1226(e).

Petitioner received a hearing at which both parties submitted evidence and arguments. [Doc. No. 12-2 at 1]. The Amended Petition does not allege that Petitioner lacked notice, was prevented from offering evidence, or was unable to contest the basis for detention. Instead, Petitioner merely characterizes the opportunity for release as not meaningful because the immigration judge denied bond despite the evidence that he presented. [Doc. No. 8 at 2, 4–5].

An unfavorable result does not establish that his opportunity to be heard was constitutionally deficient.[2] *See Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) (unpublished) ("Pursuant to [§ 1226(a)], the Attorney General *may* exercise his discretion to either detain or release an alien on bond or conditional parole. But the Attorney General's exercise of discretion is not subject to judicial review." (internal citations omitted)). Thus, the Court rejects this contention as a basis for habeas relief.

**B. The duration of Petitioner's detention does not support a due process claim on these facts.**

The Amended Petition also supplies no basis for finding that Petitioner's detention has been unconstitutionally prolonged. The case Petitioner invokes, *Zadvydas v. Davis*, 533 U.S. 678 (2001), dealt with detention following a final order of removal where the alien's removal was not reasonably foreseeable. Unlike removal period detention—the end of which depends in part on dynamic matters of international diplomacy—pre-adjudicative detention occurs during a procedural phase that is certain to end at some

[2] The detailed "Memorandum of Bond Decision and Order" suggests the opposite. [Doc. No. 12-2].

point. *See Demore v. Kim*, 538 U.S. 510, 527–29 (2003); *see also id.* at 531 ("Detention during removal proceedings is a constitutionally permissible part of that process.") (citing cases).

Petitioner argues that his pending BIA appeal means his removal is not imminent, so he urges that the duration of his custody is now unjustified. [Doc. No. 8 at 3–5]. But the BIA appeal is a delay of the Petitioner's own creation: he would have reached the removal period by now but for his voluntary decision to exercise his right to appeal the removal order. And the Amended Petition does not allege that government inaction or some other circumstance is causing abnormal delay. [Doc. No. 8 at 3–5].

Petitioner has received an individualized bond hearing under 8 U.S.C. § 1226(a). [Doc. No. 12-2 at 1–3]. His allegations about his health do not show that his detention has become punitive or that it lacks a relationship to a regulatory purpose. [Doc. No. 8 at 4]. The ordinary passage of time while Petitioner pursues administrative review does not establish a due process violation.

## IV. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1) The Court DENIES the Amended Petition for Writ of Habeas Corpus [Doc. No. 8] without prejudice.

2) The Court REJECTS as moot the prior Report and Recommendation [Doc. No. 7].

3) The Court DENIES as moot Petitioner's July 13, 2026, "Motion for Redetermination of Bond Hearing" [Doc. No. 13].

4) To the extent that Petitioner's August 10, 2026, "Notice of Continued Detention" and "Request for Status Report or Other Appropriate Relief" is a

motion requesting relief, the Court DENIES the motion as moot. [Doc. No. 14].

5) To the extent that Petitioner's September 28, 2026, "Notice of Continued Detention" and "Request for Status Update or Other Appropriate Relief" is a motion requesting relief, the Court DENIES the motion as moot. [Doc. No. 15].

IT IS SO ORDERED this 27th day of October 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE